[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff General Motors Acceptance Corporation against the defendant Alan H. Terris to recover a deficiency after the repossession and sale by the plaintiff of a power boat purchased by the defendant and financed by the plaintiff.
The court makes the following findings of fact. On September 10, 1988, the plaintiff entered into a standard marine purchase agreement with OxBow Marina, Inc. under which the plaintiff purchased a thirty-two foot 1988 Bayliner power boat from OxBow Marina, Inc. The plaintiff financed the CT Page 10170 purchase of the boat by entering into a retail installment sale agreement (the "agreement") with OxBow Marina. Under the terms of the agreement the defendant agreed to pay the principal amount of $60,250 and a finance charge thereon of $48,840.91 for a total amount of $109,090.91 in 83 equal payments monthly of $673.93, beginning October 10, 1988, and one final balloon payment of $53,154.52 on September 10, 1995.
The defendant was unable to make the monthly payments due in April, May and June, 1991, under the agreement and the plaintiff repossessed the boat on June 24, 1991. The defendant was given proper notice of his right to redeem the boat and did not do so. After advertising a private sale of the boat, the three highest bids received by the plaintiff were $28,500, $26,000 and $25,000. Because the highest bidder was unable to obtain financing, the boat was sold on September 25, 1991, to the second highest bidder for $26,000.
At the time of the sale the amount due under the agreement, after deducting a rebate of the finance charge and adding the costs of repossession and sale and late charges, was $65,350.42. The plaintiff gave credit to the defendant for the sales price of $26,000 and sought to recover the balance of $39,350.42.
The N.A.D.A. Large Boat Appraisal Guide for the period May through August, 1991, indicated that the plaintiff's boat had a high book value of $53,010.00, an average book value of $43,470 and a low book value of $33,930. The plaintiff's boat was in good condition.
Although market conditions at the time of the repossession and sale of the plaintiff's boat were poor because of an oversupply of new and used boats, the court finds that the sale by the plaintiff of the boat for $26,000.00 was not reasonable and finds that the fair market value of the boat was $40,000.00. The court, therefore, finds the deficiency to be $25,350.42.
The parties agreed that Massachusetts Retail Installment Sales and Services Act, ALM G.L. c. 255D, § 1 et sec. (the "Act"), is applicable to the transaction in this case. The defendant claimed for the first time during the trial that the agreement violates Section 10(3) of the Act, which prohibits any installment sales agreement which contains: CT Page 10171
 Any schedule of payments under which any one installment, except the down payment, is not equal or substantially equal to all other installments, excluding the down payment, or under which the intervals between any consecutive installments except the down payment differ substantially, unless (a) the buyer is given an absolute right upon default in any such excess or irregular installments to have the schedule of unpaid installments, including that in default, revised to conform in both amounts and intervals to the average of all preceding installments and intervals, or (b) unless the time and amounts of installments relate to the uneven seasonal income of the buyer and a statement appears in the contract to that effect.
The agreement provides, in relevant part:
 If . . . you default in payment of any Balloon Payment, you have the right to refinance the amount of the Balloon Payment without penalty. The terms of the refinancing will conform in both the amounts and intervals to the average of all preceding installments and intervals. This provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income. (Emphasis supplied.)
The defendant argues that the agreement contains a forbidden balloon payment because of the insertion of the phrase "or irregular" in the above paragraph. The defendant claims that the phrase allows for a greater exception for refinancing a balloon payment than allowed by the Act and, therefore, did not give the defendant the absolute right on default to refinance the balloon payment provided for in the agreement. The defendant cites no cases to support his claim and admits in his brief that he was unable to locate any cases on point or even closely related to the issue.
Subsection (b) of Section 10(3) specifically excepts "or (b) unless the time and amounts of installments relate to uneven seasonal income of the buyer and a statement appears in the contract to that effect." The agreement in the present' CT Page 10172 case, however, does not contemplate uneven or seasonal income of the defendant and Subsection (b) does not require any statement in the agreement. The inclusion of the phrase "or irregular" in Subsection (b) is, therefore, irrelevant in the present case.
For the reasons stated above, the court finds for the plaintiff in the amount $25,350.42.
Hendel, J.